## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE HERVEY, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 23-4092 |
| | ) |
| R. LIEF, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Hill Correctional Center ("Hill") and Pontiac Correctional Center ("Pontiac"). (Doc. 1). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

### ALLEGATIONS

Plaintiff names as Defendants Correctional Officers R. Lief, Tyler Crouse, D. McKee, and Kendra Wolf, Wardens Stephanie Dorethy and Michael Melvin, Confidential Sources #1, #2, and

1

#3 (John Doe prisoners), Lieutenants Kristina Skeens and C. Scheland, Administrative Review Board Member David White, IDOC Acting Director John Baldwin, and Deputy Intelligence Commander Shaw.

Plaintiff states that another inmate was violently assaulted at Hill on December 9, 2017. Plaintiff claims he intervened and attempted to break up the fight. However, three other inmates reported that Plaintiff attacked the inmate with a homemade weapon. Plaintiff was placed in segregation and an investigation ensued.

While Plaintiff was in segregation, Defendants Scheland and Crouse searched Plaintiff's cell and found "hooch residue" in bottles, which tested positive for alcohol. (Doc. 1 at p. 7). Plaintiff claims Defendants did not find any evidence to prove he made the homemade weapon.

When Plaintiff refused to cooperate with the investigation, Defendant Dorethy allegedly approved an emergency transfer to Pontiac, where Plaintiff was placed in segregation. Plaintiff received two disciplinary reports for drugs and drug paraphernalia (homemade alcohol) and for violently assaulting another inmate with a homemade weapon.

During a disciplinary hearing on December 20, 2017, Plaintiff asked the committee to review video surveillance footage of the incident, but Defendants Skeens and Wolf allegedly refused. Plaintiff alleges that he was found guilty and served nine months in punitive segregation and forty-three months of punitive administrative detention. Plaintiff requests compensatory and punitive damages.

**ANALYSIS**

The review of a procedural due process claim requires a two-part analysis: whether the plaintiff was deprived of a protected liberty or property interest, and if so, what process was due. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996). In other words, if a constitutional right

is identified, then procedural due process must be provided. *Brokaw v. Mercer Cnty.,* 235 F.3d 1000, 1020 (7th Cir. 2000). A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Merely placing a prisoner in segregation does not amount to an atypical or significant change in circumstances. *Lekas v. Briley*, 405 F.3d 602, 607-11 (7th Cir. 2005). "[A] liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original) (characterizing up to 90 days in segregation a relatively short period, depending on the conditions imposed); *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997).

Here, Plaintiff does not describe the conditions in segregation. He pleads only that he was placed in segregation for nine months and served another forty-three months of punitive administrative detention. This is not enough to state a due process claim. *See Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (only lengthy period of segregation and harsh conditions will violate due process). Therefore, the Court finds that Plaintiff fails to plead a due process claim against Defendants.

In relation to prison disciplinary hearings, due process entitles a prisoner to: 1) advance written notice of the charges; 2) a qualified opportunity to call witnesses and present evidence; and 3) a written statement by the fact-finder of the evidence relied upon. *Wolff v. McDonell*, 418 U.S. 539 (1974). Additionally, "some evidence" must support the disciplinary hearing officer's

3

decision. *Superintendent, Massachusetts Corr. Inst., Wapole v. Hill*, 472 U.S. 445, 455 (1985). Based on his allegations, it appears Plaintiff may have received the due process he was entitled to.

It also appears that Plaintiff's claims are barred by the statute of limitations, as Plaintiff alleges conduct that occurred more than five years prior to the filing of his Complaint. Claims brought under § 1983 are generally governed by a two-year statute of limitations. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). A claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)). "The statute of limitations is an affirmative defense, but if a plaintiff 'pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.'" *Bray v. Gary Police Dept. Chief*, No. 2:10-CV-229, 2010 WL 2674531, at *1 (N.D. Ind. June 28, 2010) (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993)); *see also Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("[a] statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate.").

Plaintiff's Complaint is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint must stand complete on its own and must not refer to his previous Complaint. If Plaintiff fails to file a timely Amended Complaint, his case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, this case will be dismissed without prejudice.**

2) **Plaintiff's Motion for Status [5] is MOOT.**

3) **The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form for his assistance.**

ENTERED: 11/1/2023

s/ James E. Shadid
James E. Shadid
United States District Judge